Judge Bobertbon
delivered the opinion of the court.
This is a suit in chancery by Thompson Ward against Judah Davidson, Andrew S. Hughes and Wm. J. Williams. The bill alleges that Davidson, as assignee of his co-defendants, of a note for $200, given as part of the consideration of 2100 acres of land, had obtained a judgment for the amount of the note against the plaintiff in. error. That Hughes and Williams conveyed to him the legal title to the land, by deed of ‘‘quit claim,” representing to him at the time of his purchase, that the land had been regularly entered for taxes, and that the taxes had been punctually paid; that he had since ascertained, that it had been forfeited to the state before the sale of it to him; that Davidson owned only $160 of the note for $200, and that Hughes and Williams had, on his ascertaining the fact of forfeiture, given him an order on Davidson, for a credit on his note for the $40, to which they were entitled, but that Davidson had refused to allow the credit, and was endeavoring to enforce his whole judgment. The bill also charges Hughes and Williams with fraud, and prays for an injunction and general relief- on the final hearing.
Decree, dissolving injunction with clamases, ¡must/íz am'i. of damages, or give the data, for computing them.
W answer be made a cross bill, subpoena must issue thereon,and be executed, or there can be no decree thereon.
If compl’nt. be entitled to any relief, however small, he is. entitled to oosp.
The bill was taken for confessed against Ha ghee á.nd Williams; Davidson requires, in his answer, proof of the allegations of the bill, except as. to the extent of the interest which he had purchased in the note. He admits that he was entitled to only $160 of the note, when it was assigned to him, but says that he delivered to the assignors his note for the residuum,, to be paid whenever he collected it, which note he afterwards “look up and settled.”
The court, on the bill and answer, dissolved the „ ■injunction with damages, and dismissed the bill with, costs.
This decree must be reversed.
1st. The decree for damages does not ascertain nor fix their amount, nor contain on its face any data for computing-them. It has been frequently decided by ibis court that such a decree is erroneous.
2d. Ward is entitled to a perpetuation of his injunction for the $40, and the legal interest upon it. Davidson having admitted that he was not entitled to more than $160, when the note was assigned to him* should be compelled to allow a credit for the residuary $¡40, agreeably to the order of his assignors* unless he could prove that, before the date of the order, or of his knowledge, qf it, he had purchased, the whole note. This he alleges. But as it is a matter i.n avoidance, it cannot be. accredited without proof. The “onys” is devolved on Davidson. He might obtain a decree over, against his- assignors, If he had proceeded against them regularly, by cross bill. He attempted, for this end,, to.- make his answer across bill, but no subpoena ever issued on it. against his. co-defendants; and one defendant cannot have the benefit of a cross bill against hi? co-defendants,, unless he shall notify him of its pendency by judicial process.
3d. As. Ward was. entitled to some reliefj it results necessarily, that he ought not to have been subjected to a decree for costs, but was entitled to.costs.
4th. In dissolving the injunction, ten per cent, should not be awarded on the whole judgment, but on so much only, as, Davidson h.a.d an equitable right to collect.
Answer of one dePt is. no evidence against co-defendant, altho? co-dePt. derivefi right thro’ or from him.-
Brown and Depew, for plaintiff;. Triplett, for de fendant,
The bill does not pray for a recision, or show that Ward would be entitled to it. Nor does it aver insolvency or other facts which would entitle him to any specific relief against vendors; thereiore, as to them,, the bill was properly dismissed.
We perceive no objection to a dissolution of the injunction for the $160, and legal interest upon it.
Although it has been decided by the supreme court of the Union, (in Field vs. Holland, et al. VI. Cranch, 24,) that the answer of a defendant may be evidence against a co-defendant, who derived his right from him, yet the contrary doctrine seems to be so firmly settled in this state, by repeated decisions of this court, that it would be an unexpected, and perhaps injurious innovation, to recognize the authority of the national court, as superior on this question, to that of the supreme tribunal of Kentucky.
It is a general rule of evidence, that nothing which an individual shall have said or admitted, after a sale and transfer of his right to another, shall be evidence against the transferee. And this is, perhaps, a sufficient reason for sustaining the authority of former adjudications by this court, on the point under consideration. But however this may be, we are not inclined to disturb that which has been long established and acquiesced in, unless an authority more controlling than that of a single decision of the supreme federal court, would demand the interference.
For the errors which have been enumerated, the decree of the circuit courtis reversed, and the cause remanded, for such proceedings and decree, as shall be just conformably to this opinion.